UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTMAN KODAK COMPANY, et al.,

                          Plaintiffs,

                                                                        DECISION AND ORDER

                                                                        05-CV-6384L

                        v.

MARK S. CAMARATA, et al.,

                          Defendants.
_____

Plaintiff Eastman Kodak Company ("Kodak") and two related companies ("plaintiffs") brought this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, against various defendants. Plaintiffs have moved for a default judgment against one defendant, Global Valuation Technologies, Inc. ("GVT"). Dkt. #175. GVT has never appeared im this action, and a default was entered against GVT on December 1, 2005. Dkt. #113.

Whether to grant a default judgment is left to the sound discretion of the district court. *See Shah v. N.Y. State Dep'ght of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Having considered the relevant factors, *see Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010), I conclude that the motion should be granted. GVT–whose principals are (or were, since GVT is presumably defunct at this point) defendants who have appeared in this action–has never answered the complaint against it. GVT was properly served, and plaintiffs have sufficiently alleged their RICO and state-law claims against GVT.

I also find that plaintiffs have adequately proved their damages. They have demonstrated that as a result of GVT's wrongdoing, they suffered damages in the amount of $2,840,235.75. *See* Dkt. #175 and exhibits attached thereto. The damages are well documented, and as stated, GVT has not appeared in this action at all, much less contested that amount.

In their notice of motion (Dkt. #175), plaintiffs also indicate that they are seeking attorney's fees and costs and prejudgment interest, in an unspecified amount. Awards of prejudgment interest are committed to the "broad discretion" of the district court, *S.E.C. v. Contorinis*, 743 F.3d 296, 307 (2d Cir. 2014), and plaintiffs have not demonstrated that such an award is warranted here. Likewise, plaintiffs' cursory request for attorney's fees is not documented, and I decline to award them fees here.

**CONCLUSION**

Plaintiffs' motion for a default judgment against defendant Global Valuation Technologies (Dkt. #175) is granted. The Clerk of the Court is hereby ordered to enter judgment in favor of

plaintiffs and against Global Valuation Technologies in the sum of two million, eight hundred forty thousand, two hundred thirty five dollars and seventy-five cents ($2,840,235.75).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 28, 2014.