UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTMAN KODAK COMPANY, et al.,

                                      Plaintiffs,

<u>DECISION AND ORDER</u>

05-CV-6384L

                v.

MARK S. CAMARATA, et al.,

                                      Defendants.
_____

       This is a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* Plaintiffs include Eastman Kodak Company and two related companies, who, for the sake of convenience, will be collectively referred to here simply as "Kodak."

       Kodak has sued various defendants, two of whom, Charles and Karen Schwab, have moved to dismiss the claims against them.

       Although not reflected in the record, it appears that Charles Schwab died after filing the motion to dismiss. *See* "Ex-Greece assessor Charles Schwab dies," *Rochester Democrat & Chronicle*, Dec. 10, 2013, http://www.democratandchronicle.com/story/news/2013/12/10/ex-greece-assessor-charles-schwab-dies/3958999/.[1]

---

[1] On April 1, 2014, as the Court was preparing to file this Order, the Court received a letter from Karen Schwab, stating that Charles Schwab "died on November 26, 2014," and that she "would like to know what [she] needs to do to attempt to be released from the Kodak lawsuit ... ." *See* Ex. A (attached).

While the Court could direct the parties to move for substitution of a representative of Charles Schwab's estate, *see First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242-43 (9th Cir. 1989), to do so here would be an exercise in futility and a waste of time and resources.

The simple fact is that in the related criminal proceeding, the Court imposed a sentence against Charles Schwab that included restitution in the amount of over $6.6 million. There is no indication in the record that this amount, or even a substantial part of it, has ever been paid, or is ever likely to be paid. In addition, the criminal restitution order would take precedence over any judgment that Kodak could obtain in this civil lawsuit. *See Barone v. Marone*, No. 04 Civ.2001, 2007 WL 4458118, at *5 (S.D.N.Y. Dec. 14, 2007).

In addition, there is no evidence that Karen Schwab (who was not named as a defendant in the criminal case) was culpably involved in the underlying events. In response to the motion to dismiss, Kodak contends that it has adequately alleged her involvement, and that her role presents an issue of fact that must be explored in discovery. Dkt. #296 at 4.

Kodak made that assertion some four and a half years ago. To date, there remains nothing before the Court suggesting any plausible basis upon which to hold Karen Schwab liable for Charles Schwab's wrongdoing as to Kodak. The Court is aware that Kodak continues to actively litigate its claims against another defendant, John Nicolo, who was one of the principal players in the underlying scheme, but that is no reason to continue to hold Karen Schwab in this case, with no end in sight.[2]

---

[2] I note that Kodak has voluntarily dismissed its claims against Nicolo's ex-wife, Constance Roeder. *See* Dkt. #300, #301.

CONCLUSION

The motion to dismiss (Dkt. #292) by defendants Charles A. Schwab and Karen M. Schwab is granted, and the complaint is dismissed as to those two defendants.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 2, 2014