UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTMAN KODAK COMPANY,
KODAK POLYCHROME GRAPHICS LLC,
QUALEX, INC., and KODAK VERSAMARK, INC.,

                                        Plaintiffs,

                    v.                                          DECISION AND ORDER

                                                                05-CV-6384L


MARK S. CAMARATA, KIMBERLI K. CAMARATA,
STRATEGIC ASSET MANAGEMENT, INC.,
EASTERN BUSINESS SERVICES,
JOHN E. NICOLO, AMERICAN VALUATION
SERVICES, INC., EMPIRE VALUATION SERVICES, INC.,
SOUTH SLOPE HOLDING CORP., I.A.C. CORPORATION,
STEVEN R. LETMAN, NANCY J. LETMAN,
NOTTINGHAM, INC., CONSULTUS ASSET
VALUATION, INC., RICHARD C. ACKERMAN,
PROFESSIONAL VALUATION SERVICES, INC.,
and DAVID N. FINNMAN,

                                        Defendants.
_____


# INTRODUCTION


This is a civil action brought by Eastman Kodak Company ("Kodak") and three of its wholly-owned subsidiaries, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and related claims under state law, against a number of defendants. The case arises out of a scheme by defendants to defraud plaintiffs with regard to tax assessments on real property owned by plaintiffs in Greece, New York.

The background of this case has been well described in several decisions of this Court and the Court of Appeals for the Second Circuit, both in this action and in a criminal case in

which the individual defendants were convicted of various conspiracies.  *See United States v. Nicolo*, 421 Fed.Appx. 57 (2d Cir.), *cert. denied*, __ U.S. __, 132 S.Ct. 338 (2011); *United States v. Nicolo*, 523 F.Supp.2d 303 (W.D.N.Y. 2007); *Eastman Kodak Co. v. Camarata*, No. 05-CV-6384, 2006 WL 3538944 (W.D.N.Y. Dec. 6, 2006).

The gist of plaintiffs' claims is that defendants engaged in a scheme in which they conspired to inflate the tax assessments on real property owned by Kodak in the Town of Greece, New York.  The purpose of the scheme was to induce Kodak to hire appraisers–particularly defendant John Nicolo and the corporate defendants–to perform what would otherwise have been unnecessary work, to reduce the artificially high assessments. The appraisers then "kicked back" a portion of the millions of dollars in appraisal fees received from Kodak to some of the other defendants, including employees of Kodak and of the Town of Greece.

Now pending before the Court is plaintiffs' motion for summary judgment against defendants John Nicolo and three corporations allegedly controlled by him (collectively, "Nicolo defendants"), American Valuation Services, Inc., Empire Valuation Services, Inc., and South Slope Holding Corp.[1]  As to the Nicolo defendants, plaintiffs assert ten causes of action, including two RICO claims and eight claims under state law.

In their motion, plaintiffs seek judgment on the issue of liability as against the Nicolo defendants.  Plaintiffs also ask the Court to dismiss the Nicolo defendants' counterclaims. Although plaintiffs' motion has been pending now for several years, in large part because of the pendency of the related criminal proceedings, the Nicolo defendants have never responded to the motion.

---

[1]The motion was originally filed against another individual defendant, Constance Roeder. After the motion was filed, Kodak reached a settlement with Roeder, and Kodak's claims against her have been dismissed.  *See* Dkt. #301.

**DISCUSSION**

Given defendants' complete failure to respond to plaintiffs' motion, the Court may assume the truth of plaintiffs' factual assertions in deciding the motion.  *See Galindo v. Instalaciones de Tendidos Telefonicos, S.A.*, 508 Fed.Appx. 76, 79 (2d Cir. 2013); *Sanford v. TIAA-CREF Individual & Institutional Services, LLC*, No. 12-CV-1254, 2014 WL 1311827, at *1 n.2 (N.D.N.Y. Mar. 31, 2014).

Aside from that, it is clear that plaintiffs are entitled to summary judgment.  The undisputed evidence establishes the Nicolo defendants' liability.  In addition, the jury in the related criminal proceeding made extensive findings, including answers to special interrogatories, that establish many of the elements of their claims here.  *See* 05-CV-6161, Dkt. #300.  Those findings reflected the jury's conclusion that the elements of the charges against Nicolo had been proven beyond a reasonable doubt, which is higher than the standard of proof in this civil case.  *See Emich Motors Corp. v. GM Corp.*, 340 U.S. 558, 568 (1951) ("In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment"); *New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86 (2d Cir. 2000) ("A criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel ... in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case"); *Wells Fargo Century, Inc. v. Hanakis*, No. 04CV1381, 2005 WL 1523788, at *3 (E.D.N.Y. June 28, 2005) ("Defendant's conviction for mail fraud precludes his disputing [the civil] Plaintiff's allegations as to the number of acts committed or their relatedness").  In addition, the unrebutted evidence in the record of this case establishes the Nicolo defendants' liability.

As to the specific claims at issue here, in order to prevail on a claim under civil RICO, a plaintiff must prove "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or

maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Hinterberger v. Catholic Health Systems, Inc.*, 536 Fed.Appx. 14, 16 (2d Cir. 2013) (citing *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 16-17 (2d Cir. 1983)).

The evidence here clearly shows that the Nicolo defendants conducted a RICO enterprise. The facts demonstrating that are amply set forth in plaintiffs' statement of material facts (Dkt. #276-4) and will not be repeated at length here, but the evidence plainly shows that Nicolo, in concert with others, devised and operated the kickback scheme outlined above. The evidence also shows that Nicolo used the various corporations under his control as tools for carrying out that scheme.

Again, the jury verdict in the criminal case supports this conclusion. Nicolo was convicted of no less than fifty-one counts, including conspiracy, honest services fraud, mail fraud, wire fraud, money laundering conspiracy, money laundering, filing a false tax return, and aiding and assisting in the preparation of a false tax return. Those convictions were affirmed on appeal, *see* 421 Fed.Appx. 57 (2d Cir. 2011). And as stated, the verdict included interrogatory answers finding that Nicolo had committed numerous specific acts in furtherance of the scheme, including mail and wire transmissions, issuing fraudulent invoices, making certain payments, and accepting payments from the victims of the scheme. *See* 05-CR-6161 Dkt. #300. Some of the financial transactions that were used to effectuate the scheme involved the corporate defendants as well. *See*, *e.g.*, Dkt. #300-2 at 46, 52, 55.

Although the amount of plaintiffs' damages remains to be decided, I also find that plaintiffs have established their entitlement to treble damages. RICO provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains ... ." 18 U.S.C. § 1964(c). To recover treble damages under § 1964(c), a plaintiff must show "(1) the defendant's violation of § 1962, (2) an injury to the plaintiff's

business or property, and (3) causation of the injury by the defendant's violation." *Commercial Cleaning Services, L.L.C. v. Colin Service Systems, Inc.*, 271 F.3d 374, 380 (2d Cir. 2001).

In the case at bar, plaintiffs have shown that as a result of defendants' scheme, Kodak paid out millions of dollars in fraudulent and inflated fees. Plaintiffs have also submitted evidence that after the scheme was discovered, some of Kodak's tax assessments actually *in*creased. Thus, Kodak ultimately derived no benefit from Nicolo's "work" for Kodak, but was in fact significantly harmed by defendants' actions.

Plaintiffs have also established their entitlement to judgment on several of their claims under state law. There is no question that Nicolo committed fraud against Kodak, and that he aided and abetted the other scheme participants' fraud and their breaches of fiduciary duty. The contracts entered into by the Nicolo defendants and Kodak were little more than shams, and to the extent that they were valid, they were breached by defendants, who often performed no work at all under the contracts, aside from collecting ill-gotten payments and disbursing kickbacks.

As to plaintiffs' request that judgment be entered in their favor, the only remaining issue before the Court is determining exactly on which claims judgment should be entered for the plaintiffs. Only ten of the twenty-three claims asserted in the amended complaint (Dkt. #123) are asserted against Nicolo. The other thirteen claims (claims 6-9, 12, 13, and 17-23) are asserted only against other defendants, and have been disposed of.

Of the ten claims asserted against Nicolo, I conclude that plaintiffs have established their entitlement to judgment on the issue of liability as to their civil RICO claims, as well as their state-law claims for fraud, breach of contract, and aiding and abetting a breach of fiduciary duty.

The proof is insufficient to warrant the entry of judgment for plaintiffs on their remaining claims, for conversion, unjust enrichment, constructive trust, and for an accounting. Furthermore, it appears that those claims are duplicative of plaintiffs' other claims. *See Bigio v. Coca-Cola Co.*, 675 F.3d 163, 169 (2d Cir. 2012), *cert. denied*, __ U.S. __, 133 S.Ct. 952 (2013); *Hoeffner v. Orrick, Herrington & Sutcliffe LLP*, 61 A.D.3d 614, 615 (1st Dep't 2009). To the

extent that plaintiffs seek damages, it also appears that plaintiffs' damages on these various claims would be the same.  Those four claims are therefore dismissed.

As stated, plaintiffs now seek judgment only on the issue of liability.  The amount of their damages is not before me, and a determination of plaintiffs' damages must await further proceedings.

Plaintiffs also seek dismissal of the Nicolo defendants' counterclaims, all of which sound in breach of contract.  *See* Dkt. #62 at 17-19.  In light of the evidence in this case and the jury's findings in the criminal case, those counterclaims are not only meritless, but absurd.  Plaintiffs' motion is therefore granted, and the Nicolo defendants' counterclaims are dismissed.

## CONCLUSION

Plaintiffs' motion for partial summary judgment (Dkt. #276) is granted in part and denied in part.  Plaintiffs are granted judgment, on the issue of liability, against defendants John Nicolo, American Valuation Services, Inc., Empire Valuation Services, Inc., and South Slope Holding Corp. (collectively "Nicolo defendants"), on plaintiffs' first, second, third, tenth, eleventh, and fourteenth causes of action in the amended complaint (Dkt. #123).  The Nicolo defendants' counterclaims against plaintiffs (Dkt. #82) are dismissed.  In all other respects, plaintiffs' motion is denied.

Plaintiffs' fourth, fifth, fifteenth and sixteenth causes of action are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 7, 2014.

- 6 -